UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARKSIDE CAPITAL LTD., Individually and ) On Behalf of All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> XERIUM TECHNOLOGIES INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. 06-10991-RWZ <br><br> <u>CLASS ACTION</u> <br><br> STIPULATION OF SETTLEMENT |

This Stipulation of Settlement dated as of November 3, 2008 (the "Stipulation") is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement by and among the following Settling Parties, as defined in ¶1.22 below, to the above-captioned Litigation: (i) Lead Plaintiff Communication Workers of America Plan for Employees' Pensions and Death Benefits (the "Lead Plaintiff") and Plaintiff Parkside Capital Ltd. (together with the Lead Plaintiff, "Plaintiffs") (on behalf of themselves and each of the Settlement Class Members, as defined below), and (ii) Defendants Xerium Technologies, Inc. ("Xerium" or the "Company"), Thomas Gutierrez and Michael O'Donnell (collectively, the "Defendants"), by and through their respective undersigned counsel of record in the above-captioned matter.

This Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, as defined in ¶1.16 below, against the Released Parties, as defined in ¶1.18 below, upon and subject to the terms and conditions hereof and subject to the approval of this Court, as defined below.

## I.    THE LITIGATION

On June 7, 2006, a securities class action complaint was filed in the United States District Court for the District of Massachusetts (the "Court") on behalf of purchasers of Xerium common stock pursuant and/or traceable to the Company's initial public offering on or about May 16, 2005 from that date through November 15, 2005 (the "Settlement Class Period"), alleging violations of the Securities Act of 1933 (*Parkside Capital Ltd. v. Xerium Technologies, Inc., et al.,* No. 06-10991-RWZ, hereafter, the "Litigation").

On September 20, 2006, the Court signed an Order appointing the Lead Plaintiff and approving the Lead Plaintiff's choice of Lead and Liaison Counsel.

On November 3, 2006, Plaintiffs filed an Amended Class Action Complaint for Violations of Federal Securities Laws (the "Amended Complaint") asserting, among other things, that the

Registration Statement and Prospectus for the Company's May 16, 2005 initial public offering ("IPO") were negligently prepared and, as a result, contained untrue statements of material facts, omitted to state other facts necessary to make the statements not misleading and were not prepared in accordance with the rules and regulations governing their preparation.

On December 8, 2006, the Defendants filed a motion to dismiss the Amended Complaint. On January 5, 2007, Plaintiffs filed a memorandum in opposition to the motion to dismiss, and on January 19, 2007, Defendants filed a memorandum in reply. The Court issued an electronic order on May 11, 2007 denying Defendants' motion to dismiss. The order stated that "[a]lthough the affirmative statements in the prospectus were not misleading as a matter of law, the record is not clear what defendants knew about production problems at the Starkville plant and whether [they] had a duty to disclose what [they] knew." On June 8, 2007, the Defendants filed an answer to the Amended Complaint.

The parties attended a formal mediation before retired United States District Court Judge Nicholas Politan on August 14, 2008, and following extensive arm's-length negotiations, the parties reached an agreement-in-principle to settle the Litigation, subject to Court approval.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny all allegations of any wrongdoing or liability against them whatsoever arising out of any of the conduct, statements, acts or omissions alleged in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Registration Statement or Prospectus for the IPO contained any material misrepresentations or non-disclosures or otherwise, that the price of Xerium common stock was artificially inflated, that the Plaintiffs or the Settlement Class, as defined below, have suffered any damages, or that the Plaintiffs or the Settlement Class, as defined below, were harmed by any conduct alleged in the Litigation or that could have been alleged therein. Defendants do not in any

way acknowledge any fault, liability or wrongdoing of any kind. This Stipulation and all related documents are not, and shall not in any event be construed or deemed to be evidence of or an admission or concession on the part of the Defendants with respect to any claim of or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in Defendants' defenses.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted, time-consuming, expensive and distracting, including, without limitation, to Xerium and its management, and that it is desirable that the Litigation be fully and finally settled. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. The Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

III.    CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Counsel, on behalf of Plaintiffs, have conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Amended Complaint. Lead Plaintiff's counsel's investigation included: (i) review of Xerium's SEC filings, regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases, and other public statements issued by the Company; (ii) review of media reports about the Company; (iii) interviews with persons with knowledge of the alleged misconduct, including former employees of Xerium; and (iv) review and analysis of non-public documents produced by Xerium.

Plaintiffs believe that the claims asserted in the Litigation have merit. However, Plaintiffs and Plaintiffs' Counsel recognize the expense, length and complexity of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and appeal. Plaintiffs and Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in

such litigation.  Plaintiffs' Counsel also are mindful of the inherent problems of proof of, and possible defenses to, the allegations and claims asserted in the Litigation.

Accordingly, Plaintiffs, by their counsel, and assisted by an experienced mediator, conducted discussions and arm's-length negotiations with counsel for Defendants with respect to a compromise and settlement of the Litigation, with a view to settling the issues in dispute against the Defendants and achieving the best relief possible consistent with the interests of the Settlement Class.

Based upon their investigation as set forth above, Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the Settlement Class, as defined below, and in their best interests.  Plaintiffs' Counsel and Plaintiffs believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class and each of the Settlement Class Members, as defined in ¶1.20 below, and have agreed to settle the claims raised in the Litigation pursuant to the terms and provisions of this Stipulation, after considering: (a) the benefits that Plaintiffs and the members of the Settlement Class will receive from the settlement of the Litigation; (b) the attendant risks of litigation; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Plaintiffs (on behalf of themselves and each of the Settlement Class Members, as defined below) and the Defendants, by and through their respective undersigned counsel or attorneys of record, that without any admission or concession on the part of Plaintiffs of any lack of merit of the Litigation whatsoever, and without any admission or concession by the Defendants of any liability or wrongdoing or lack of merit in the defenses to the Litigation whatsoever, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in consideration of the

benefits flowing to the Settling Parties hereto, as defined in ¶1.22 below, from the Settlement (as defined below), that the Litigation and all Released Claims as against the Released Parties shall be finally, fully and forever compromised, settled, released and dismissed with prejudice as to all Released Parties, upon and subject to the following terms and conditions:

1.     **Certain Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3     "Defendants" means Xerium, Thomas Gutierrez and Michael O'Donnell.

1.4     "Effective Date of Settlement" or "Effective Date" mean the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶13.1 below.

1.5     "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.6     "Lead Plaintiff" means Communication Workers of America Plan for Employees' Pensions and Death Benefits.

1.7     "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP (and any successors thereof).

1.8     "Notice" means the Notice of Pendency and Settlement of Class Action, which is to be sent to Settlement Class Members, substantially in the form attached hereto as Exhibit A-1.

1.9     "Final Judgment and Order" means the proposed order to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.10    "Order for Notice and Hearing" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.11    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership (LLP), limited liability company (LLC), association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, and assignees.

1.12    "Plaintiffs" means Communication Workers of America Plan for Employees' Pensions and Death Benefits and Parkside Capital Ltd.

1.13    "Plaintiffs' Counsel" means any counsel who have appeared on behalf of any plaintiff in the Litigation (and any successors thereof).

1.14    "Plaintiffs' Settlement Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP, or its successor(s).

1.15    "Proof of Claim" means the proposed Proof of Claim and Release form to be submitted by Settlement Class Members, substantially in the form attached hereto as Exhibit A-2.

1.16    "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities of any nature or description whatsoever (including, but not limited to, claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative or individual in nature, including both known claims and Unknown Claims (as defined in ¶1.24 below), that have

been or could have been asserted in any forum by Plaintiffs or the Settlement Class Members or any of them or the heirs, successors and assigns of any of them, against any of the Released Parties, which arise out of, are based on, or relate in any way, directly or indirectly, to any of the allegations, acts, transactions, facts, events, matters or occurrences, representations or omissions involved, asserted, set forth, referred to or that could have been asserted in the Amended Complaint or the Litigation and arise out of, are based on, or relate in any way, directly or indirectly, to the purchase of Xerium common stock during the Settlement Class Period.

1.17    "Released Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined in ¶1.24 below), that have been or could have been asserted in the Litigation or any forum by the Defendants, or the heirs, successors and assigns of any of them against the Plaintiffs, any of the Settlement Class Members, in their capacity as purchasers of Xerium common stock, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, excluding any claims for breaches of this Stipulation.

1.18    "Released Parties" means each and all of the Defendants, their respective past or present advisors, affiliates, agents, assigns, attorneys, banks or investment banks, co-insurers, consultants, directors, divisions, present and former employees, heirs, insurers, investment advisors, members, officers, parents, predecessors, principals, reinsurers, representatives, stockholders, spouses, subsidiaries, successors, related or affiliated entities, any entity in which any Defendant has a controlling interest, any member of an individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any individual Defendant and/or member(s) of his family.

- 7 -

1.19    "Settlement" means the settlement embodied by this Stipulation.

1.20    "Settlement Class" and "Settlement Class Members" mean all Persons who purchased Xerium common stock pursuant to and/or traceable to the Company's initial public offering on or about May 16, 2005 through November 15, 2005.  Excluded from the Settlement Class are: Defendants, the directors and officers of Xerium at all relevant times, members of their immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant has or had a controlling interest.  Also excluded from the Settlement Class are any putative Settlement Class Members who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the Notice of Pendency and Settlement of Class Action to be sent to Settlement Class Members.

1.21    "Settlement Class Period" means the period between May 16, 2005 and November 15, 2005, inclusive.

1.22    "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs, on behalf of themselves and each of the Settlement Class Members.

1.23    "Summary Notice" means the Summary Notice for publication, substantially in the form attached hereto as Exhibit A-3.

1.24    "Unknown Claims" means any and all Released Claims which the  Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Plaintiffs and Defendants shall expressly waive, and each Settlement Class Member shall

be deemed to have waived, and by operation of the Final Judgment and Order shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs shall expressly waive, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and the Settlement Class Members by operation of law shall be deemed by operation of the Final Judgment and Order to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

1.25    "Xerium" means Xerium Technologies, Inc., its divisions, parents, affiliates, attorneys, insurers, subsidiaries, predecessors and successors, and all of its or their current and former members, officers, directors, principals, shareholders, employees and agents and each and all of their heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons,

in each instance only in their capacity as such, and any person or entity in which any of the above has or had a controlling interest or which is or was related to or affiliated with any of the above.

### 2.    Class Certification

2.1    As soon as practical following execution of the Stipulation,  Plaintiffs' Settlement Counsel shall submit the Stipulation, together with its Exhibits, to the Court and shall apply for entry of an Order for Notice and Hearing, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, that the Court certify a Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and including as Settlement Class Members all Persons who purchased Xerium common stock pursuant to and/or traceable to the Company's initial public offering on or about May 16, 2005 through November 15, 2005, with the exception of Defendants, the directors and officers of Xerium at all relevant times, members of their immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant has or had a controlling interest.  Class certification shall be sought for purposes of this Settlement only. Plaintiffs' Settlement Counsel shall request that the Court simultaneously approve the proposed Settlement Class and the Settlement, and bind all Settlement Class Members to the terms of this Stipulation, subject to the provisions herein governing the administration of claims.  Subject to the approval of the Court of the Stipulation, the distribution of the Settlement Fund to individual Settlement Class Members shall be governed by the relevant provisions herein.

### 3.    Scope and Effect of Settlement

3.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims as against all Released Parties and any and all Released Defendants' Claims.

3.2    Upon the Effective Date of this Settlement, Plaintiffs and members of the Settlement Class, on behalf of themselves and each of their heirs, executors, administrators, successors and

assigns, and any persons they represent, shall, with respect to each and every Released Claim, release and fully, finally and forever discharge, and shall forever be enjoined from prosecuting, any Released Claim against any of the Released Parties.

3.3    Upon the Effective Date of this Settlement, each of the Released Parties, on behalf of themselves and their heirs, successors and assigns, shall release and fully, finally and forever discharge each and every of the Released Defendants' Claims, and shall forever be enjoined from prosecuting the Released Defendants' Claims.

**4.    The Settlement Consideration**

4.1    In full settlement of the Released Claims, within fifteen (15) business days following the Court's entry of the Order for Notice and Hearing, provided that Lead Plaintiff's counsel shall have submitted to Xerium's counsel appropriate payment transfer instructions, Xerium shall cause to be paid the sum of Three Million Six Hundred Thousand Dollars ($3,600,000) (the "Settlement Amount") into a separate interest-bearing escrow account maintained by the Escrow Agent on behalf of Plaintiffs and the Settlement Class.  The sum in the interest-bearing escrow account, from which any Taxes (as defined below) and other expenses and costs as described below shall be paid, shall be the "Settlement Fund."  If the Settlement Amount is not paid within forty-five (45) business days following the Court's entry of the Order for Notice and Hearing, Lead Plaintiff's counsel shall have the right to withdraw from and terminate the Settlement in its entirety and render the Stipulation null and void.

4.2    The Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in ¶6.2 hereof, and (ii) the attorneys' fee and expense award referred to in ¶¶7.1-7.4 hereof.  The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund" which shall be distributed to the Authorized Claimants as provided in ¶¶8.1-8.5 hereof.

- 11 -

### a.    The Escrow Agent

4.3     The Escrow Agent shall invest any funds in the Settlement Fund in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government, or any agency thereof, and shall reinvest the proceeds of those instruments as they mature in similar instruments at their then-current market rates.  Any funds held by the Escrow Agent in escrow hereunder in an amount of less than Two Hundred Fifty Thousand Dollars ($250,000.00) shall be held in an interest-bearing bank account insured by the FDIC.  The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

4.4     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned to the person(s) paying the same pursuant to this Stipulation and/or further order(s) of the Court.

4.5     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of counsel for the Defendants and Plaintiffs' Settlement Counsel.

### b.    Taxes and Tax Expenses

4.6     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Reg. §1.468B-2(k)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provision of this ¶4.6, including the "relation-back election" (as defined in Treasury Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of

- 12 -

the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶4.6(a) hereof) shall be consistent with this ¶4.6 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶4.6(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriment that may be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund and operation and implementation of this ¶4.6 (including, without limitation, expenses of tax attorneys and/or accountants) and mailing and distribution costs and expenses related to filing (or failing to file) the returns described in this ¶4.6 ("Tax Expenses") shall be paid out of the Settlement Fund. The Defendants and Released Parties and their counsel shall have no liability or responsibility for the payment of any Taxes or Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants and Released Parties and their counsel harmless for any Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated

- 13 -

as, and considered to be, a cost of administration of the Settlement Fund, and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Reg. §1.468B-2(l)(2)); neither the Defendants nor their counsel are responsible nor shall they have any liability therefore. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent necessary to carry out the provisions of this ¶4.6.

### c.    Termination of Settlement

4.7    In the event that the Effective Date does not occur, or class certification is reversed or modified, or the Stipulation is not approved by the Court, or is terminated, cancelled, or fails to become effective for any reason, the Settling Parties agree that the Escrow Agent shall refund to Xerium or to such Person that paid the Settlement Amount, the Settlement Fund (including accrued interest) less the expenses, set forth in ¶6.2 below, actually incurred or due and owing in connection with the Settlement within ten (10) business days of receipt of notice from the Settling Parties that the Settlement has failed to become effective.

### 5.    Preliminary Approval, Notice Order and Settlement Hearing

5.1    As soon as practical following execution of the Stipulation,  Plaintiffs' Settlement Counsel shall submit the Stipulation, together with its Exhibits, to the Court and shall apply for entry of an Order for Notice and Hearing, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the

Fee and Expense Application as defined in ¶7.1 hereof and the Notice and Summary Notice shall also include the date of the Settlement Hearing as defined below.  Plaintiffs' Settlement Counsel shall be responsible for providing notice to the Settlement Class.

5.2     Plaintiffs' Settlement Counsel shall request that after the Notice and Summary Notice are mailed and published, respectively, the Court hold a hearing (the "Settlement Hearing") to consider and determine whether to approve the Settlement as fair, reasonable and adequate, and whether the Final Judgment and Order should be entered approving the Settlement as set forth herein and dismissing the Litigation with prejudice.  At or after the Settlement Hearing, Plaintiffs' Settlement Counsel will also request that the Court approve the proposed plan of allocation and the Fee and Expense Application.

**6.     Administration of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court and/or Plaintiffs' Settlement Counsel as may be necessary or as circumstances may require, shall administer the Settlement, including administering and calculating the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  Defendants and Released Parties and their counsel shall have no liability, obligation or responsibility whatsoever for the administration of the Settlement, the investment of the Settlement Amount, the plan of allocation, the distribution of the Net Settlement Fund, or payment of expenses related thereto except for the obligations stated herein with respect to transfer records, or any losses incurred in connection with such matters, and the Escrow Agent shall indemnify and hold harmless Defendants and their counsel except for Xerium's obligation to cause to be paid the Settlement Amount, as provided herein, and to cause Xerium's stock transfer agent to produce, at Xerium's expense, Xerium's transfer records and shareholder information to Plaintiffs' Settlement Counsel or

the Claims Administrator within five (5) business days following the Court's entry of the Order for Notice and Hearing, for the purpose of identifying and giving notice to the Settlement Class.

6.2    All reasonable costs and expenses of notice to Settlement Class Members and administration of the Settlement Fund, escrow fees, taxes, custodial fees and expenses incurred in connection with processing Proofs of Claim or distributing the Settlement Fund (the "Notice and Administration Costs"), shall be paid from the Settlement Fund.  Upon the establishment and funding of the Settlement Fund, a sum not to exceed Two Hundred Thousand Dollars ($200,000.00) of the Settlement Fund shall be allocated for the express purpose of providing notice of the Settlement and to administer the Settlement pursuant to the terms of the Order for Notice and Hearing ("Notice and Administration Fund"), and unspent funds shall be returned to the Settlement Fund.  Funds may be disbursed from the Notice and Administration Fund for these purposes without further approval of the Court.  The Notice and Administration Fund shall be administered by the Escrow Agent as part of the Settlement Fund.  Upon the Effective Date,  Plaintiffs' Settlement Counsel may pay from the Settlement Fund any Notice and Administration Costs associated with the administration of the Settlement, the processing of submitted claims, and distribution of the Net Settlement Fund to Authorized Claimants in excess of the Notice and Administration Fund.

**7.    Plaintiffs' Counsel's Attorneys' Fees and Expenses**

7.1    Plaintiffs' Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and expenses in connection with prosecuting the Litigation, plus interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) (the "Fee and Expense Application") in an amount to be approved by the Court. Such attorneys' fees and expenses as are awarded by the Court shall be paid from the Settlement Fund to Plaintiffs' Settlement Counsel immediately upon award by the Court, notwithstanding any collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's joint and

several obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund if and when, as a result of any successful collateral attack, the fee or cost award is reduced or reversed. Defendants shall not oppose Plaintiffs' Counsel's application. Plaintiffs' Settlement Counsel shall allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contribution of such counsel to the prosecution and settlement of the Litigation.

7.2     In the event that the Effective Date does not occur, or the Final Judgment and Order or the order approving the Fee and Expense Application is reversed or modified, or class certification is reversed or modified, or the Stipulation is terminated or cancelled for any reason, and in the event that any attorneys' fees, expenses and costs have been paid to any extent, Plaintiffs' Counsel who received such fees, expenses and costs shall, within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees, expenses and costs previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph.

7.3     The procedure for and the disallowance by the Court of any applications by Plaintiffs' Counsel for attorneys' fees, expenses and costs to be paid out of the Settlement Fund are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal

from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Final Judgment and Order approving the Stipulation and the Settlement of the Litigation set forth herein.

7.4    The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Application, or any award relating thereto that the Court may make in the Litigation.

### 8.    Distribution to Authorized Claimants

8.1    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the plan of allocation to be described in the Notice and approved by the Court.

8.2    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim (as defined in the plan of allocation described in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

8.3    The plan of allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that the plan of allocation be approved.

8.4    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim compared to the total recognized claims of all Authorized Claimants.  The Defendants shall have no involvement in reviewing or challenging claims.

8.5    Plaintiffs' Settlement Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Plaintiffs' Settlement Counsel shall have the right, but not the obligation, to waive what they deem

- 18 -

to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

      8.6    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

      (a)    Each Settlement Class Member shall be required to submit a Proof of Claim (see Exhibit A-2 attached hereto), supported by such documents as are designated therein, including proof of the Settlement Class Member's loss, or such other documents or proof as Plaintiffs' Settlement Counsel, in its discretion, may deem acceptable;

      (b)    All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by order of the Court.  Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Proof of Claim by such Settlement Class Member is approved), and shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment and Order to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.  A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

      (c)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiffs' Settlement Counsel, who shall determine in

accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Settlement Class Member in order to remedy the curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Plaintiffs' Settlement Counsel, shall notify, in a timely fashion and in writing, all Settlement Class Members whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Settlement Class Member whose claim is to be rejected has the right to a review by the Court if the Settlement Class Member so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Settlement Class Member whose claim has been rejected in whole or in part desires to contest such rejection, the Settlement Class Member must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Settlement Class Member's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Settlement Counsel shall thereafter present the request for review to the Court.

8.7     Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement Class Member's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Settlement Class Member's status as a Settlement Class Member and the validity and amount of the Settlement Class Member's claim. No discovery

shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

8.8     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members.  All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment and Order to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

8.9     All proceedings with respect to the administration, processing and determination of claims described by ¶¶8.1-8.14 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

8.10    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all claims have been processed, and all Settlement Class Members whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefore has expired; (iii) all matters with respect to attorneys' fees have been resolved by the Court, all appeals therefrom have been resolved or the time therefore has expired; and (iv) all costs of administration have been paid.

8.11    If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund

cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, (b) second, to pay any additional settlement administration fees and expenses, including those of Plaintiffs' Settlement Counsel as may be approved by the Court, and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If after six (6) months following such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remaining in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, the Claims Administrator shall donate any funds remaining in the Net Settlement Fund to an appropriate not-for-profit or charitable organization.

8.12    The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the plan of allocation, the determination, administration or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

8.13    No person shall have any claim against the Plaintiffs, Plaintiffs' Counsel, Defendants, the Released Parties, or their counsel based on the administration of the Settlement, including, without limitation, the processing of claims and distributions made in accordance with this

Stipulation and the Settlement contained herein, the plan of allocation, or further order(s) of the Court.

8.14    It is understood and agreed by the Settling Parties that any proposed plan of allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the plan of allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Final Judgment and Order approving the Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

## 9.    Terms of Order for Notice and Hearing

9.1    Concurrent with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Plaintiffs' Settlement Counsel and Defendants' counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form attached hereto as Exhibit A.

## 10.    Terms of Final Judgment and Order

10.1    If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter a Final Judgment and Order, substantially in the form attached hereto as Exhibit B.  The Final Judgment and Order proposed by the parties shall contain a bar order, discharging Released Parties from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Class and any Settlement Class Member, including without limitation as provided by §21D(f)(7)(A) and (b) of the Private Securities Litigation

Reform Act of 1995 ("PSLRA") 15 U.S.C. §78u-4(f)(7)(A) and (B), and to the fullest extent provided by the PSLRA.

**11.    Right of Exclusion and Objection**

11.1    Any Person may seek to be excluded from the Settlement Class and the Settlement provided for by this Stipulation by submitting a written request for exclusion.  Any request for exclusion must be submitted to the Claims Administrator at least fourteen (14) calendar days before the Settlement Hearing date established by the Court.  Any Settlement Class Member so excluded shall not be bound by the terms of the Stipulation, nor entitled to any of its benefits, and shall not be bound by any Final Judgment and Order and/or other order of the Court entered herein, whether pursuant to this Stipulation or otherwise.

11.2    Any Settlement Class Member who does not exclude himself, herself or itself from the Settlement Class and the Settlement shall have the right to submit written objections concerning the Settlement, plan of allocation, and/or Plaintiffs' Counsel's application for attorneys' fees and expenses, which objections shall state all of the reasons for the objections (*e.g.*, a mere statement that "I object" shall not be deemed sufficient).  Any written objection(s), and any briefs, affidavits or other evidence submitted in support thereof must be filed with the Clerk of the Court and served on Plaintiffs' Settlement Counsel and counsel for Defendants at least fourteen (14) calendar days before the Settlement Hearing date established by the Court.  All Persons desiring to attend the Settlement Hearing and be heard as objectors must have filed written objections as provided herein, as a condition of appearing and being heard at such hearing.  Any Settlement Class Member who does not timely file written objections to the Settlement pursuant to this paragraph and the Notice shall not be permitted to object to the Settlement at the Settlement Hearing, and shall be foreclosed from objecting to, challenging or otherwise seeking review of the Settlement by appeal or otherwise, in this Litigation or in any other action.

- 24 -

11.3    To retract or withdraw a request for exclusion, a Settlement Class Member must file a written notice with the Claims Administrator stating the person's or entity's desire to retract or withdraw his, her, or its request for exclusion and that person's or entity's desire to be bound by any judgment or settlement in this Litigation; *provided, however*, that the filing of such written notice may be effected by Plaintiffs' Settlement Counsel.  Plaintiffs' Settlement Counsel shall promptly notify Defendants' counsel of any retraction or withdrawal of a request for exclusion.

## 12.    Termination of Settlement

12.1    Subject to ¶12.3 hereof, Xerium has the option to terminate the Settlement in the event that the aggregate number of shares of Xerium common stock purchased during the Settlement Class Period by Settlement Class Members who would otherwise be entitled to participate as members of the Settlement Class, but who request exclusion, equals or exceeds a certain percentage of the total number of Xerium common shares purchased during the Settlement Class Period, as set forth in a Supplemental Agreement between Defendants and Plaintiffs.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void, and of no further force and effect, and the provisions of ¶13.4 shall apply.  Should any Settlement Class Members opt-out of the Settlement Class, Plaintiffs shall promptly notify Defendants of the identity of such Settlement Class Member and his, her, or its decision to opt-out of the class.  Plaintiffs hereby agree that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs and the Settlement Class, and therefore agree not to opt-out of the Settlement Class.

12.2    If Xerium elects to exercise the option set forth in ¶12.1 hereof, written notice of such election must be provided to Plaintiffs' Settlement Counsel and filed with the Court on or before five (5) calendar days prior to the Settlement Hearing.  Such notice may be served by hand delivery or facsimile.  Xerium may withdraw its election by providing written notice of such termination, by

hand delivery or facsimile, to Plaintiffs' Settlement Counsel no later than 5:00 P.M. Eastern Time on the day prior to the Settlement Hearing, or by such later date as the Settling Parties agree in writing.

12.3    If Xerium elects to terminate the Stipulation pursuant to ¶12.1 hereof, Plaintiffs' Settlement Counsel may review the validity of any Settlement Class Member's request for exclusion and may attempt to cause retraction or withdrawal of any request for exclusion.  No Defendant or Released Party shall in any way interfere with, obstruct or seek to enjoin legitimate and lawful efforts by Plaintiffs to seek to have those Settlement Class Members who requested exclusion withdraw their requests for exclusion.  If, by the day before the Settlement Hearing (or a later date agreed upon in writing),  Plaintiffs are successful in reducing the number of excluded Settlement Class Members so that those Settlement Class Members excluded, in the aggregate, purchased shares in an amount less than the percentage of the total number of Xerium common shares traded during the Settlement Class Period as set forth in the Supplemental Agreement, then any termination of the Stipulation by Xerium shall automatically be deemed null and void.  In that event, Plaintiffs' Settlement Counsel shall serve on counsel for the Defendants by hand delivery or facsimile a statement identifying the Settlement Class Members who have withdrawn their requests for exclusion.

12.4    If Xerium elects to terminate the Stipulation in accordance with ¶12.1 and such withdrawal is not nullified in accordance with ¶12.3, the Stipulation shall be withdrawn and terminated and deemed null and void, and the provisions of ¶13.4 shall apply.

### 13.    Effective Date of Settlement, Waiver or Termination

13.1    The Effective Date of the Settlement shall be the date by which all of the following shall have occurred:

(a)    entry of the Order for Notice and Hearing in all material respects in the form attached hereto as Exhibit A;

(b)    payment of the Settlement Amount to the Escrow Agent by Xerium or on its behalf;

(c)    certification of the Settlement Class;

(d)    approval by the Court of the Settlement, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(e)    expiration of the time for Xerium to exercise its option to terminate the Stipulation in accordance with the terms of the Supplemental Agreement described in ¶12.1 hereof, without the exercise of that option; and

(f)    entry by the Court of an Final Judgment and Order, in all material respects in the form set forth in Exhibit B attached hereto, and the expiration of any time for appeal or review of such Final Judgment and Order, or, if any appeal is filed and not dismissed, after such Final Judgment and Order is upheld on appeal in all material respects and is no longer subject to review upon appeal, review by writ of certiorari or mandamus, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and Xerium does not elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

13.2    Upon the occurrence of all of the events referenced in ¶13.1 hereof, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be extinguished.

13.3    Defendants' counsel or Plaintiffs' Settlement Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties hereto within thirty (30) calendar days of: (a) the Court's declining to enter the Order for Notice and Hearing in any material respect; (b) the Court's

refusal to approve this Stipulation or any material part of it; (c) the Court's declining to certify the Settlement Class; (d) the date upon which the order certifying the Settlement Class is modified or reversed in any material respect by any court; (e) the Court's declining to enter the Final Judgment and Order; (f) the date upon which the Final Judgment and Order is modified or reversed in any material respect by any court; or (g) the date upon which an Alternative Judgment is modified or reversed in any material respect by any court.  Plaintiffs' Settlement Counsel shall also have the right to terminate the Settlement within forty-five (45) business days if the Settlement Amount is not timely paid by or on behalf of Xerium, as specified in ¶4.1.

13.4    Except as otherwise provided herein, in the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms for any reason, then the Settling Parties to this Stipulation shall be deemed to have reverted to their respective status in the Litigation as of the execution of this Stipulation.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶4.3-4.5 and 14.1 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding, or be admissible as evidence, for any purpose.  Except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by the Defendants, together with any interest earned thereon, less any Taxes due with respect to such income, and less costs of administration and notice actually incurred whether paid or not paid, shall be returned within ten (10) business days from the date the Settlement is terminated or fails to become effective.

## 14.    No Admission of Wrongdoing

14.1    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)    shall not be asserted, offered, or received against the Defendants as evidence of or construed as or deemed to be evidence of (i) any wrongdoing or damages whatsoever, or (ii) any presumption, concession, or admission by the Defendants with respect to the truth of any fact alleged by Plaintiffs or any other plaintiff, or (iii) the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or (iv) the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or (v) any liability, negligence, fault, or wrongdoing of the Defendants, or (vi) any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by or on behalf of the Defendants; or (vii) as evidence of a presumption, concession, or admission that a class exists or may be certified for any purpose, except in connection with this Stipulation;

(b)    shall not be asserted, offered, or received against the Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, wrongdoing, or damages, or in any way referred to for any other reason as against the Defendants, in any other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may file the Stipulation and/or the Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(c)     shall not be construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(d)     shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, any of the Settlement Class Members, or Lead Counsel that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages that might have been recovered would not have exceeded the Settlement Fund.

### 15.    Miscellaneous Provisions

15.1    All of the Exhibits attached to this Stipulation are material and integral parts hereof, and are hereby incorporated by reference as though fully set forth herein.

15.2    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

15.3    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation, including all facts and claims that were asserted or which could be asserted by Plaintiffs and the Settlement Class Members against the Released Parties with respect to the Released Claims, and shall not be deemed an admission or concession of any nature whatsoever by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the amount paid to the Settlement Amount and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.  Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants agree not to assert in any forum that the Litigation was brought by Plaintiffs or defended by Defendants in bad faith.  The Settling

Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Litigation, and the Final Judgment and Order shall contain a provision that during the course of the Litigation, the Settling Parties and their respective counsel at all times hereto complied with and satisfied the requirements of Rule 11.

15.4    All agreements made and orders entered during the course of this Litigation relating to the confidentiality of documents and information shall survive this Stipulation pursuant to their terms.

15.5    This Stipulation may not be modified or amended in any way, nor may any of its provisions be waived except by a writing signed by or on behalf of all Settling Parties hereto or their respective attorneys, or successors-in-interest.

15.6    The headings and captions in this Stipulation are used for the purpose of convenience only and are not meant to have any legal effect on the meaning or interpretation of this Stipulation or any of its terms or provisions.

15.7    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation and for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel.

15.8    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

15.9    This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto concerning the settlement of the Litigation, and no representations, warranties, or inducements have been made by any party hereto

concerning this Stipulation and its Exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.  Except as provided herein, each Settling Party shall bear its own costs.

15.10   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties to this Stipulation shall exchange among themselves original signed counterparts.

15.11   This Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors and assigns of the Settling Parties hereto.

15.12   The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the Commonwealth of Massachusetts without regard to any choice of law provision, except to the extent that federal law requires that federal law governs.

15.13   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

15.14   All counsel and any other Person executing this Stipulation and any of the Exhibits attached hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

15.15   Plaintiffs' Settlement Counsel and Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to agree upon and execute all such other documentation promptly as may be reasonably required to obtain final approval by the Court of the Settlement.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of November 3, 2008.

> SHAPIRO HABER & URMY LLP
> THOMAS G. SHAPIRO (BBO #454680)
> ADAM M. STEWART (BBO#661090)
>
>
> _____
>                     /s/ Thomas G. Shapiro
> THOMAS G. SHAPIRO
>
> 53 State Street
> Boston, MA  02109
> Telephone:  617/439-3939
> 617/439-0134 (fax)
>
> Liaison Counsel
>
> COUGHLIN STOIA GELLER
>    RUDMAN & ROBBINS LLP
> SAMUEL H. RUDMAN
> DAVID A. ROSENFELD
> MARIO ALBA, JR.
> 58 South Service Road, Suite 200
> Melville, NY  11747
> Telephone:  631/367-7100
> 631/367-1173 (fax)
>
> Lead Counsel for Plaintiffs
>
> ROPES & GRAY
> ROBERT JONES
>
>
> _____
>                     /s/ Robert Jones
> ROBERT JONES

- 33 -

One International Place
Boston, MA  02110-2624
Telephone:  617/951-7000
617/951-7050 (fax)

Counsel for Defendants