UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARKSIDE CAPITAL LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>XERIUM TECHNOLOGIES INC., et al.,<br><br>       Defendants. | ) No. 06-10991-RWZ<br>)<br>) <u>CLASS ACTION</u><br>)<br>) LEAD PLAINTIFF'S MEMORANDUM OF<br>) LAW IN SUPPORT OF UNOPPOSED<br>) MOTION FOR PRELIMINARY APPROVAL<br>) OF SETTLEMENT<br>)<br>)<br>) |

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ...................................................................................1

II. OVERVIEW OF THE LITIGATION ..........................................................................2

III. THE PROPOSED STIPULATION OF SETTLEMENT AND PLAN OF ALLOCATION..............................................................................................................4

IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............4

V. A CLASS SHOULD BE CERTIFIED .........................................................................5

VI. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM ARE ADEQUATE ..................................................6

VII. CONCLUSION..............................................................................................................8

**I.      PRELIMINARY STATEMENT**

Lead Plaintiff submits this memorandum in support of its unopposed motion for an order granting preliminary approval of the proposed settlement of this securities class action, which provides for a settlement consisting of $3,600,000 in cash to be paid by or on behalf of Defendants.

This Litigation involves claims against Xerium Technologies, Inc. ("Xerium" or the "Company") and certain of its officers by purchasers of common stock in Xerium's initial public offering which closed on or about May 16, 2005, or pursuant to or traceable to that offering through November 15, 2005. The complaints filed in the Litigation assert that the Registration Statement and Prospectus for the Company's May 16, 2005 initial public offering ("IPO") were negligently prepared and, as a result, contained untrue statements of material facts, omitted to state other facts necessary to make the statements not misleading and were not prepared in accordance with the rules and regulations governing their preparation. Defendants deny all of Lead Plaintiff's allegations or that they did anything wrong. Defendants also deny that the Lead Plaintiff or the Settlement Class suffered damages or that the price of Xerium common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

By this motion, the parties seek preliminary approval of the settlement of the Litigation and in connection therewith entry of an order providing:

   1.      certification of a class for settlement purposes only;

   2.      approval of the form of notice describing the terms of the settlement; Settlement Class Members' rights with respect thereto; the proposed release of claims against the Released Parties and the Settlement Class; the proposed plan of allocation of settlement proceeds; the request for an award of attorneys' fees and expenses to Plaintiffs' Counsel; and the procedures for filing Proof of Claim forms; and

3.      setting the date for the hearing to consider final approval of the settlement and the foregoing matters.

The proposed cash settlement is a very good result under the circumstances present here.

For purposes of this motion for preliminary approval, the issue before the Court is whether the settlement is within the range of what *might* be approved as fair, reasonable and adequate in order to justify mailing and publishing notice of the settlement, and scheduling a final hearing. "'[W]hen the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected,' a presumption of fairness attaches to the court's determination." *In re Lupron(R) Mktg. & Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004) (citation omitted). The Court is not required at this point to make a final determination regarding the reasonableness of the settlement, and no Settlement Class Member's substantive rights will be prejudiced by preliminary approval.

Lead Plaintiff and Plaintiffs' Settlement Counsel are fully conversant with the strengths and weaknesses of this case, and thus can readily evaluate the risks associated with the continued litigation (including the very real risk that the Court would grant a motion for summary judgment), as well as the fairness of its resolution at this time. Lead Plaintiff submits that the proposed settlement is an outstanding result for, and is in the best interests of, the Settlement Class. The settlement was the result of arm's-length negotiations, reached with the assistance of a mediator, and warrants preliminary approval for purposes of notifying Settlement Class Members.

## II.     OVERVIEW OF THE LITIGATION

On June 7, 2006, a securities class action complaint was filed in the United States District Court for the District of Massachusetts (the "Court") on behalf of purchasers of Xerium common stock pursuant and/or traceable to the Company's initial public offering on or about May 16, 2005

from that date through November 15, 2005 (the "Settlement Class Period"), alleging violations of the Securities Act of 1933 (*Parkside Capital Ltd. v. Xerium Technologies, Inc., et al.,* No. 06-10991-RWZ, hereafter, the "Litigation").

On September 20, 2006, the Court signed an Order appointing the Lead Plaintiff and approving the Lead Plaintiff's choice of Lead and Liaison Counsel.

On November 3, 2006, Lead Plaintiff filed an Amended Class Action Complaint for Violations of Federal Securities Laws (the "Amended Complaint") asserting, among other things, that the Registration Statement and Prospectus for the Company's May 16, 2005 IPO were negligently prepared and, as a result, contained untrue statements of material facts, omitted to state other facts necessary to make the statements not misleading and were not prepared in accordance with the rules and regulations governing their preparation.

On December 8, 2006, the Defendants filed a motion to dismiss the Amended Complaint. On January 5, 2007, Lead Plaintiff filed a memorandum in opposition to the motion to dismiss, and on January 19, 2007, Defendants filed a memorandum in reply. The Court issued an electronic order on May 11, 2007 denying Defendants' motion to dismiss. The order stated that "[a]lthough the affirmative statements in the prospectus were not misleading as a matter of law, the record is not clear what defendants knew about production problems at the Starkville plant and whether [they] had a duty to disclose what [they] knew." On June 8, 2007, the Defendants filed an answer to the Amended Complaint.

The parties attended a formal mediation before retired United States District Court Judge Nicholas Politan on August 14, 2008, and following extensive arm's-length negotiations, the parties reached an agreement-in-principle to settle the Litigation, subject to Court approval.

Lead Plaintiff believes that all the claims asserted in the Litigation are meritorious. However, Plaintiffs' Settlement Counsel recognize the expense and length of continued proceedings necessary to prosecute the claims against the Defendants through trial and appeal. Plaintiffs' Settlement Counsel are also mindful of the inherent problems of proving, and the possible defenses to, the violations asserted in the Amended Complaint.

### III. THE PROPOSED STIPULATION OF SETTLEMENT AND PLAN OF ALLOCATION

The negotiations regarding resolution of the Litigation were hard fought and, at times, contentious. However, after substantial efforts by the parties, with the assistance of Judge Politan, the parties were able to reach a proposed settlement. That settlement consists of $3.6 million in cash. This is a very good result for the Settlement Class under the circumstances.

In drafting the proposed plan of allocation of the settlement (set forth in the proposed notice to be sent to Settlement Class Members informing them of the terms of the settlement), Plaintiffs' Settlement Counsel took into account the price decline of Xerium common stock due to various statements made by Defendants, and the legal standards applicable to the claims asserted in the action.

Accordingly, the proposed settlement and plan of allocation warrant preliminary approval by this Court so that Lead Plaintiff can inform the Settlement Class of their terms.

### IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial approval must be obtained. Fed. R. Civ. P. 23(e). At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be asked to make a final determination as to whether the settlement is fair, reasonable and adequate under all of the

- 4 -

circumstances surrounding the Litigation.  Here, however, Lead Plaintiff requests only that the Court grant preliminary approval in order to authorize notifying Settlement Class Members of the terms of the settlement, and of their opportunity to be heard regarding the settlement at the hearing where final approval of the settlement will be considered.

The test for granting preliminary approval is whether the proposed settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'"  *In re NASDAQ Mkt.-Makers Antitrust Litig.*, No. MDL 1023, 1997 U.S. Dist. LEXIS 20835, at *24 (S.D.N.Y. Dec. 31, 1997) (quoting *In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984)).  *See Manual for Complex Litigation* §21.632 (4th ed. 2004).  Here the proposed settlement easily satisfies that standard.

The proposed settlement is an excellent result, and is well within the range of reasonableness.  *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320 (E.D.N.Y. 1993) (approving settlement that was only 6% of the potential recovery).  *See also Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."); *Teachers' Ret. Sys. v. A.C.L.N., Ltd.*, No. 01-CV-11814(MP), 2004 U.S. Dist. LEXIS 8608, at *15 (S.D.N.Y. May 14, 2004) (citing *Grinnell*, 495 F.2d at 455).  *Accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992).  Accordingly, preliminary approval of the $3.6 million settlement should be granted and notice to the Settlement Class Members permitted.

**V.    A CLASS SHOULD BE CERTIFIED**

In connection with granting preliminary approval of the settlement, the Court should also certify a class in this action, defined as follows:

>All Persons who purchased Xerium common stock pursuant to and/or traceable to the Company's initial public offering on or about May 16, 2005 through November 15, 2005. Excluded from the Settlement Class are: Defendants, the directors and officers of Xerium at all relevant times, members of their immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are any putative Settlement Class Members who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the Notice of Pendency and Settlement of Class Action to be sent to Settlement Class Members.

The courts routinely certify settlement classes in complex class actions arising under Rule 23 of the Federal Rules of Civil Procedure. Here, the proposed class satisfies all the criteria for class certification under Federal Rule of Civil Procedure 23(a) and (b). First, the claims of the Lead Plaintiff arise from purchases of Xerium common stock pursuant to and/or traceable to the IPO (as evident from the certificate filed in connection with the motion for appointment of lead plaintiff), and thus are typical of the Settlement Class it seeks to represent. Second, there are numerous Settlement Class Members, evident by the over 15 million Xerium common shares issued in the IPO. Third, the tenacity Plaintiffs' Settlement Counsel have demonstrated in achieving this settlement clearly evidences their ability to adequately represent the Settlement Class. Fourth, there are common questions concerning Xerium's issuance of materially misleading statements in the Registration Statement and Prospectus that predominate over any individual issues of law and fact.

## VI. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM ARE ADEQUATE

Federal Rule of Civil Procedure 23(e)(2) requires that class members receive notice of any proposed settlement before final approval by the court. *Manual for Complex Litigation*, *supra*, §21.633, at 321-22. Lead Plaintiff respectfully submits that the proposed notices, which are annexed as Exhibits A-1 and A-3 to the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, submitted herewith, are adequate. If approved by the Court, the notice in the form of Exhibit A-1, along with the Proof of Claim in the form of Exhibit A-2, will be sent by first-class

mail to each Settlement Class Member identified from Xerium's transfer records as purchasers of the Company's common stock pursuant to and/or traceable to the IPO during the Settlement Class Period.  In addition, summary notice in the form of Exhibit A-3 will be published in *Investor's Business Daily* within seven (7) business days of the mailing of the notice, and will be simultaneously published on *Business Wire*.

As required by Federal Rule of Civil Procedure 23(c)(2) the notices will inform Settlement Class Members of the claims alleged in the action, the terms of the proposed settlement and their rights as Settlement Class Members to opt out or object to the settlement, or otherwise object to the plan of allocation and/or the proposed attorneys' fees and expenses.  *See Consol. Edison, Inc. v. Northeast Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("'Due process requires that the notice to class members "fairly apprise the . . . members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings.'"") (citations omitted). *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982).

Lastly, as part of the preliminary approval of the settlement, Lead Plaintiff also respectfully requests the appointment of Gilardi & Co. LLC ("Gilardi") as Claims Administrator.  As Claims Administrator, Gilardi will be responsible for, among other things, mailing the notice to the Settlement Class, publishing and posting the summary notice, and reviewing, processing and paying claims.  Gilardi has extensive experience in settlement administration and will adequately fulfill its duties in this case.

## VII. CONCLUSION

Lead Plaintiff requests approval of this unopposed motion for an order preliminarily approving the proposed settlement, directing notice be sent to all Settlement Class Members and summary notice to be published, and setting a hearing date for final approval.

DATED: November 5, 2008  Respectfully submitted,

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (BBO #454680)
ADAM M. STEWART (BBO #661090)


  /s/ Thomas G. Shapiro
THOMAS G. SHAPIRO
53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)
tshapiro@shulaw.com
astewart@shulaw.com

Liaison Counsel


COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@csgrr.com
drosenfeld@csgrr.com
malba@csgrr.com

Lead Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I, Thomas G. Shapiro, hereby certify that on November 5, 2008, this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

**/s/ Thomas G. Shapiro**
Thomas G. Shapiro

- 9 -