UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARKSIDE CAPITAL LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XERIUM TECHNOLOGIES INC., et al.,<br><br>Defendants. | No. 06-10991-RWZ<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

*RWZ* (initials)

WHEREAS, a class action is pending in the Court entitled *Parkside Capital Ltd., v. Xerium Technologies Inc., et al.,* No. 06-10991-RWZ (the "Litigation");

WHEREAS, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of this action, in accordance with a Stipulation of Settlement dated as of November 3, 2008 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice as against the Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation; and

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, including the releases contained therein, as being fair, reasonable and adequate as to the Settlement Class Members, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on 2/25 2009, at 2:00 pm., in Courtroom 12 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, One Courthouse Way, Boston, Massachusetts 02210 to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate as to the Settlement Class and should be approved by the Court; whether a Final Judgment and Order of Dismissal with Prejudice, substantially in the form of Exhibit B attached to the Stipulation, should be entered herein; whether the proposed

- 1 -

plan of allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel. The Court may adjourn the Settlement Hearing without further notice to members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulation and effectuating the Settlement, a Settlement Class of all Persons who purchased Xerium common stock pursuant to and/or traceable to the Company's initial public offering on or about May 16, 2005 through November 15, 2005. Excluded from the Settlement Class are: Defendants, the directors and officers of Xerium at all relevant times, members of their immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are any putative Settlement Class Members who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the Notice of Pendency and Settlement of Class Action to be sent to Settlement Class Members pursuant to this Order.

4. In the event any part of the Settlement is not finally approved or approval is subsequently reversed or vacated on appeal, the certification of the Settlement Class for purposes of settlement only shall have no continuing effect and shall not be of any import or entitled to any weight in the event of further litigation.

5. Solely for the purposes of the Stipulation and the Settlement, this Court preliminarily finds that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a

class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.   The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶8-9 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.   The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published, respectively, in accordance with ¶8, below.

8.   Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)   not later than 11/2/2008, Xerium shall, at its own expense, provide to Plaintiffs' Settlement Counsel the Company's transfer records in a form acceptable to Plaintiffs' Settlement Counsel and the Claims Administrator;

(b) not later than 12/10/2008 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c) not later than 12/17, 2008, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and *Business Wire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. Nominees who purchased Xerium common stock for the benefit of another Person pursuant to and/or traceable to the Company's initial public offering on or about May 16, 2005 through November 15, 2005 shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of Xerium common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to such beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.

10. Any Person falling within the definition of the Settlement Class who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice. The Claims Administrator

shall provide copies of any requests for exclusion to Plaintiffs' Settlement Counsel and Defendants' counsel within two (2) days of receipt of any request for exclusion.

11. All members of the Settlement Class shall be bound by the provisions of the Stipulation and all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

12. Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. A Proof of Claim form shall be deemed submitted (1) when postmarked (if properly addressed and mailed by first-class mail, postage prepaid), or (2) when actually received, if submitted in any other manner. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Plaintiffs' Settlement Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

13. Any member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

14. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending

final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims, regardless of whether or not any such Settlement Class Member has appeared in the Litigation.

15. Any member of the Settlement Class may appear and show cause, if he, she or it has any, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon substantially in the form annexed as Exhibit B to the Stipulation, why the plan of allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the plan of allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless written objections and copies of any papers and briefs in support of said objections and proof of membership in the Settlement Class are received by Ellen Gusikoff Stewart, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Robert Jones, Ropes & Gray, One International Place, Boston, MA 02110, on or before 2/11, 2009, and said objections, papers and briefs are filed with the Clerk of the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, MA 02210, on or before 2/11, 2009. Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as set forth in the Stipulation, to

the plan of allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

16.  Upon the Effective Date, the Plaintiffs and each of the Settlement Class Members, on behalf of themselves, their heirs, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund or the Net Settlement Fund, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claims against the Released Parties.

17.  The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

18.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.  All motions and papers in support of the Settlement, the plan of allocation, and any application by counsel for the Plaintiffs for attorneys' fees and expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing, and all reply briefs in

support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

20. All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay the reasonable and actual costs of class notice and administration.

21. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be vacated *nunc pro tunc.*

22. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

23. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

24. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected to the Settlement.

IT IS SO ORDERED.

DATED: November 14, 2008

THE HONORABLE RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

Document1