UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARKSIDE CAPITAL LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>XERIUM TECHNOLOGIES INC., et al.,<br><br>    Defendants. | No. 06-10991-RWZ<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to an Order of this Court, dated November 14, 2008, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of November 3, 2008 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment and Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Settlement, including all members of the Settlement Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Amended Complaint, the Litigation, and all claims contained therein, including all of the Released Claims, are hereby dismissed without costs and with prejudice in full and final discharge of any and all claims belonging to Plaintiffs and the other Settlement Class Members that were or could have been asserted as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Plaintiffs, the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the

interests of the Plaintiffs, the Settlement Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Court hereby certifies a Settlement Class of all Persons who purchased Xerium common stock pursuant to and/or traceable to the Company's initial public offering on or about May 16, 2005 through November 15, 2005. Excluded from the Settlement Class are: Defendants, the directors and officers of Xerium at all relevant times, members of their immediate families, and their legal representatives, heirs, successors and assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Settlement Class are any putative Settlement Class Members who timely and validly requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice of Pendency and Settlement of Class Action.

6. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii)

the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7.      Upon the Effective Date, the Plaintiffs and each of the Settlement Class Members, on behalf of themselves, their heirs, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether the Plaintiffs or any such Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

8.      All Settlement Class Members are hereby forever barred and enjoined from instituting or prosecuting any other action against the Released Parties in any court or tribunal asserting any Released Claim.

9.      Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and their counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except to enforce the releases and other terms and conditions contained in the Stipulation.

10.     The Released Parties are hereby discharged from any and all claims for or in the nature of contribution that have been or may hereafter be brought by any Person, whether arising under federal, state, or common law, based upon, relating to, arising out of, or in connection with the Released Claims of the Settlement Class and any Settlement Class Member, regardless of the statute, regulation, common law rule, or other legal principle under which any such contribution claim may be raised.  Accordingly, pursuant to Section 21D(f)(7)(A) and (B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(f)(7)(A) and (B), for all claims asserted or that could have been asserted in the Amended Complaint, the Court hereby bars all claims for or in the nature of contribution: (a) by any Person against the Released Parties; and (b) by the Released Parties against any Person, other than a Person whose liability to the Settlement Class has been extinguished pursuant to this Final Judgment and Order.  The Court hereby bars all claims for contribution against the Released Parties to the fullest extent provided by the PSLRA, or any other applicable law, as applied to all claims that were or could have been asserted in this Litigation.

11.     The distribution of the Notice of Pendency and Settlement of Class Action and the publication of the Summary Notice as provided for in the Order for Notice and Hearing constituted the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, as amended by the PSLRA, the requirements of due process, and any other applicable law.

12. Any plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission or concession of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any nature whatsoever of the Defendants; or (b) is or may be deemed to be or may be used as an admission or concession of, or evidence of, any fault or omission whatsoever of any of the Defendants in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Parties may file the Stipulation and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation and/or the Settlement.

15. This Final Judgment and Order is a final judgment in the Litigation as to all claims among the Released Parties, on the one hand, and the Plaintiffs and all Settlement Class Members, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Xerium or to such Person that paid the Settlement Amount, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: February 25, 2009  _____
THE HONORABLE RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

Document1

- 6 -

## CERTIFICATE OF SERVICE

I, Adam M. Stewart, hereby certify that on February 18, 2009, this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

/s/ Adam M. Stewart
Adam M. Stewart